IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN EDGAR DENOO, § | |
|   Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:15-CV-313-O |
| § | |
| LORIE DAVIS, Director,[1] § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|   Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, John Edgar Denoo, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On May 10, 2010, in the 43rd District Court of Parker County, Texas, Case No. CR09-0228, pursuant to a plea agreement, Petitioner waived a jury trial and pleaded guilty to one count of aggravated sexual assault of a child and was sentenced to 12 years' confinement. Adm. R., SH3-WR-76,112-03 at 43-48, ECF No. 10-18. Petitioner's direct appeal was dismissed by the Second District Court of Appeals of Texas, and his petition for discretionary review was refused by the Texas Court of Criminal Appeals on May 11, 2011. *Id.* docket sheet, ECF No. 10-2. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 4. Petitioner filed three state habeas-corpus applications related to his

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

conviction. The first, filed on June 14, 2011, was dismissed on July 27, 2011, by the Texas Court of Criminal Appeals because mandate had not yet issued in his direct appeal.[2] Adm. R., SH1-WR-76,112-01 cover & 11, ECF No. 10-14. The second, filed on March 10, 2014, was dismissed on April 16, 2014, by the Texas Court of Criminal Appeals for noncompliance with the state's form requirements. *Id.,* SH3-WR-76,112-03 at 21, ECF No. 10-18; SH2-WR-76,112-02 Action Taken, ECF No. 10-15 ECF No. And, finally, the third application, filed on April 30, 2014, was denied without written order by the Texas Court of Criminal Appeals on July 9, 2014. *Id.,* SH3-WR-76,112 at 17 & Action Taken, ECF Nos. 10-17 & 10-18. This federal habeas petition challenging his conviction was filed on April 22, 2015.[3] Pet. 10, ECF No. 1. Petitioner raises five grounds for relief, alleging ineffective assistance of counsel (grounds one and two); involuntary plea (ground three); and violation of his right to a speedy trial (grounds four and five). Pet. 6-7 & insert, ECF No. 4. Respondent contends the petition is untimely under the federal one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Resp't's Prel. Answer 5-10, ECF No. 8.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-year statute of limitations for filing a petition for federal habeas corpus by a person in state custody. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[2]Typically, a prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). However, Petitioner's state applications do not state the dates he placed the documents in the prison mailing system. Thus, the prison mailbox rule is not applied.

[3]Likewise, a prisoner's pro se federal-habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner asserts that he placed his petition in the prison mailing system on April 22, 2015. Pet. 10, ECF No. 4.

2

limitations period shall run from the latest of–

>(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's claims involve matters related to his 2010 conviction. Under subsection (A), applicable to such claims, the limitations period began to run on the date on which the judgment of conviction became final by the conclusion of direct review or, as in this case, the expiration of the time for seeking further direct review. For purposes of this provision, the judgment became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on August 9, 2011, triggering the one-year limitations period, which expired one year later on August 8, 2012.[4] *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010), *aff'd*, 564 U.S. 1003 (2011); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998);

---

[4]The year 2012 was a leap year.

SUP. CT. R. 13.1. Thus, Petitioner's federal petition was due on or before August 8, 2012, absent any tolling.

Neither Petitioner's first state habeas application challenging his conviction filed and dismissed before his conviction became final nor his second and third applications filed after the limitations period had already expired operated to toll limitations under the statute.[5] 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, Petitioner must demonstrate that he is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner presents no "new, reliable evidence" or convincing argument that he is actually innocent. Instead, he attributes his delay to the failure of the state courts to notify him of the disposition of his direct appeal until March 10, 2014; the trial court's failure to answer his motions for court-appointed counsel to assist him in pursuing an "11.073 junk science writ" and a "Chapter 64 motion for DNA evidence" in state court; and the prison law library's failure to give him the correct form when attempting to file his second state habeas application and refusal to supply him with blank paper for legal purposes. (Pet'r's Reply 2-7, ECF No. 12.) Although a delay in receiving notification of state court rulings can qualify for equitable tolling, this case does not

---

[5]The Court notes that even if Petitioner's second state habeas application, dismissed for noncompliance with the state's form requirements, had been filed during the one-year period, it was not "properly filed" within the meaning of § 2244(d)(2) and would not have acted to toll limitations. *See Broussard v. Thaler,* 414 F. App'x 686, 2011 WL 701227, at *3 (5th Cir. Mar. 1, 2011)

justify application of the doctrine. *See Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999). There is no evidence that Petitioner could not have contacted the state courts earlier in order to learn the status of his direct appeal. In other words, Petitioner was not prevented in some extraordinary way from asserting his rights. *See Lewis v. Cockrell,* 33 F. App'x 704, 2002 WL 432658, at *3 (5th Cir. 2002), *cert. denied,* 538 U.S. 1038 (2003). Petitioner's pro se petition for discretionary review was refused on May 11, 2011. It was Petitioner's obligation to keep himself informed of the status of his direct appeal. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). Further, ignorance of filing requirements and difficulty obtaining forms and paper are the types of circumstances typical to pro se inmates seeking postconviction state and federal habeas review and do not present extraordinary factors justifying equitable tolling.

Accordingly, Petitioner's federal petition was due on or before August 8, 2012. His petition filed on April 22, 2015, is therefore untimely.

### III. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 30th day of January, 2017.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE